UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES PAULI, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>OLLIE'S BARGAIN OUTLET, INC.,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 5:22-CV-279 (MAD/ML)<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

James Pauli ("Named Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This Class and Collective Action, brought by the Co-Team Leaders of Ollies Bargain Outlet, Inc. ("Ollies" or "Defendant"), challenges Ollie's practices and policies of misclassifying Named Plaintiff and other similarly-situated Co-Team Leaders as "exempt" employees, and not paying them overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Ollie's ensures that its Co-Team Leaders spend nearly all of their time performing the same tasks as the hourly workers, such as unloading trucks, deboxing merchandise, stocking shelves, operating cash registers, helping customers, cleaning the merchandise floor, cleaning windows, cleaning the bathrooms, trash removal, pallet removal, breaking down boxes and placing in compactor, shoveling snow and spreading salt.

3. Named Plaintiff and other similarly situated Co-Team Leaders (hereinafter collectively referred to as "Plaintiffs") spend a very small amount of their time performing managerial type duties.

4. Accordingly, the Co-Team Leaders are misclassified as "exempt" employees and should receive hourly pay including overtime.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

6. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant and Plaintiff are subject to personal jurisdiction in this district.

## PARTIES

8. Named Plaintiff James Pauli is a resident of New York State who has been employed by Ollie's as a Co-Team Leader in its Cicero, New York store from approximately August 2013 to the present. Defendant failed to compensate Named Plaintiff for all hours worked and failed to pay him appropriate overtime.

9. At all relevant times hereto, Plaintiffs were "employees" within the meaning of the NYLL and FLSA.

10. Named Plaintiff hereby consents in writing to be a plaintiff in this action and has attached his executed Consent To Sue form as Exhibit A.

11. Defendant Ollie's is headquartered in Harrisburg, Pennsylvania and began its business in July 1982. Ollie's describes itself as one of America's largest retailers of closeout merchandise and excess inventory and operates approximately 431 stores in 29 states. It markets

itself under the slogan, "Good Stuff Cheap." At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of New York and currently maintains approximately 28 locations in New York, including within this District. Upon information and belief Defendant, has employed dozens of Co-Team Leaders within New York, and hundreds across the country.

12.   At all relevant times hereto, Ollie's was an "employer" of Plaintiffs and other similarly-situated employees, within the meaning of the NYLL and FLSA.

13.   At all relevant times, Ollies maintained control, oversight, and direction over the operations of the work performed by Plaintiffs, including payroll practices, and had the power to hire and fire Plaintiffs.

14.   At all relevant times, Ollie's had substantial control of the working conditions of Plaintiffs and over the unlawful policies and practices alleged herein.

15.   At all relevant times hereto, under 29 U.S.C. § 201 *et seq.* and the cases interpreting the same, Ollie's was an "enterprise" engaged in commerce or in the production of goods for commerce.

16.   Upon information and belief, Ollie's gross yearly revenues are in excess of $500,000.00.

17.   At all relevant times, Plaintiffs performed work for Ollie's that required them to handle or otherwise work with goods or materials that have been moved and produced for commerce. For example, they deboxed and stocked the shelves with an assortment of merchandise, including but not limited to house goods, sporting goods, flooring, toiletries, books, stationary, lawn/garden products, automobile, hardware and food. Indeed, Ollie's website touts that it "scour[s] the world" for its merchandise.

**FACTS**

18.   Ollie's is a national discount retainer chain that misclassifies Co-Team Leaders as

exempt employees, even though their jobs are virtually identical to non-exempt employees, to circumvent the FLSA and the NYLL and avoid paying the Co-Team Leaders overtime.

19. Ollie's markets itself as a discount retail store chain. Ollie's' retail strategy focuses on closeouts, overstocks, package changes, manufacturer refurbished goods, and irregulars. Ollie's also works very closely with financial institutions selling the assets of liquidated companies to convert them into cash.

20. In practice, the job duties of Co-Team Leaders are indistinguishable from the Customer Service Associates, Sales Associates, Sale Supervisor, Fright Flow Supervisor and Assistant Team Leader positions for 95% of the workday. However, while the Customer Service Associates, Sales Associate, Sale Supervisor, Freight Flow Supervisor and Assistant Team Leader positions are classified as non-exempt and paid overtime compensation, Co-Team Leaders are misclassified as exempt and are not paid overtime.

21. Named Plaintiff has worked for Ollie's from approximately August 2013 through the present and has had his Co-Team Leader position since November 2013.

22. Named Plaintiff typically worked five days per week except for the Thanksgiving to Christmas season when he typically worked six days per week. He worked varying start and ending times depending on whether he opened the store or closed on a given day but in either case it was typically more than 10 hours per day. His hours totaled 50-60 per week typically but could be more during the Thanksgiving to Christmas season.

23. For example, recently for the week of March 6, 2022 to March 12, 2022 Named Plaintiff worked 59.75 hours and the week of March 13, 2022 to March 19, 2022 he worked 52 hours.

24. When Named Plaintiff worked over 40 hours in a week, he did not receive any overtime compensation.

25. Instead, Named Plaintiff is paid a flat salary of approximately $940 per week, regardless of how many hours he works.

26. Named Plaintiff does not receive accurate wage statements from Defendant reflecting the actual hours worked, among other required information. Instead, his pay stubs always reflect that he works 40 hours in a week even though he often works as many as 50-60 hours per week.

27. Named Plaintiff also did not receive, at his time of hiring, a notice containing accurate information such as his rate of pay and basis thereof, whether he was paid by the hour, shift, day, week, salary, among other required information.

### A.     The Job Of A Co-Team Leader:

28. While Co-Team Leaders are considered "managers," they engage in very little management duties and have no meaningful discretion in the operation of the store. Indeed, the physical nature of the job is identical to that of other hourly employees. Co-Team Leaders spend over 90% of their time on tasks such as unloading supply trucks, unboxing products (hundreds per day sometimes), stocking shelves, operating cash registers, cleaning the store (including bathrooms, windows, floors, shelves, shopping carts, and trash removal) setting up product displays (according to specific instruction from the District Managers), shoveling and salting snow and ice, and helping customers. In fact, regarding cleaning, Ollie's does not hire an outside contractor to clean the stores, rather it is done by its employees including the Co-Team Leaders. Moreover, at the end of every day all employees are expected to assist with cleaning the stores from approximately 5:00 p.m. to closing at 9:00 p.m. and then for an additional hour after the stores close until 10:00 p.m., except for Sundays when it is approximately 4:00 p.m. to closing at 7:00 p.m. and then an additional one-half to one hour after closing.

29. Co-Team Leaders are told at the time of hire that they will work 50 hours per week

alongside the hourly employees. However, they work many more hours per week usually between 50 and 60, without additional compensation.

### B. The Co-Team Leader Job Differs Little From The Hourly Workers And Does Not Have More Responsibility

30. Ollie's classifies its Sales Associates, Customer Service Supervisors, Sales Supervisors, and Assistant Team Leaders, as non-exempt employees, and pays them an hourly wage plus with overtime.

31. However, the actual job of a Co-Team Leader is virtually indistinguishable from that of hourly workers such as Sales Associates, Customer Service Supervisors, Sales Supervisors, and Assistant Team Leaders In practice, Co-Team Leaders, Sales Associates, Customer Service Supervisors, Sales Supervisors, and Assistant Team Leaders are performing the same job duties.

## COLLECTIVE ACTION ALLEGATIONS

32. Named Plaintiff brings this action as a collective action to recover unpaid wages, including unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b), on behalf of himself and a collective of current and former Co-Team Leaders employed by Defendant from March 22, 2019 through the date of trial. .

33. Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Co-Team Leaders who have worked for Defendant from March 22, 2019 through the date of trial., and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

*34.* Named Plaintiff alleges on behalf of himself and the Nationwide Collective Class that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36. Defendant has engaged in a continuing and willful violation of the FLSA.

37. There are numerous similarly-situated current and former Co-Team Leaders of Ollie's who have worked over 40 hours a week without appropriate overtime pay, in violation of the FLSA. These Co-Team Leaders all had similar, if not identical, job responsibilities. These Co-Team Leaders all spent over 90% of their time performing non-managerial tasks and only superficially differed from hourly, non-exempt workers.

38. These similarly-situated current and former Co-Team Leaders would benefit greatly from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the lawsuit pursuant to 28 U.S.C. § 216(b). These similarly-situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. As such, notice should be sent to past and present Co-Team Leaders of Ollie's.

## CLASS ACTION ALLEGATIONS

39. Named Plaintiff further brings this action as a state-wide class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of current and former Co-Team Leaders employed by Defendant within the State of New York to recover unpaid wages, including premium overtime compensation for all hours worked in excess of 40 per workweek, wage notice and pay statement violations, and "spread of hours" compensation for all hours worked in excess of 10 hours in a single workday, pursuant to the NYLL.

40. Named Plaintiff brings this suit on behalf of himself and a class of similarly situated persons composed of:

> All current and former Co-Team Leaders who have worked for Defendant in the State of New York from March 22, 2016 through the date of trial. (the "NY Class").

41. Named Plaintiffs alleges on behalf of the NY Class that Defendant violated the NYLL by, *inter alia*: (i) failing to pay them overtime at the rate of one and one-half times the

employee's regular salary for all hours worked in excess of 40 hours in any given workweek; and (ii) failing to pay spread of hours pay for all work in excess of 10 hours in a single workday.

42. The claims brought pursuant to the NYLL may be pursued by all similarly-situated persons who do not opt out of the NY Class pursuant to Fed. R. Civ. P. 23.

43. The members of each of the NY Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the NY Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are hundreds of individuals in the NY Class.

44. Common questions of law and fact, the answers to which will advance this litigation, exist as to the NY Class and predominate over any questions only affecting them individually. Indeed, there are few if any purely individual issues in this case. The questions of law and fact that are common to Plaintiff and all members of the NY Class include, but are not limited to, the following:

(a) whether Co-Team Leaders are improperly classified as "exempt" employees under the NYLL;

(b) whether Named Plaintiff and the members of NY Class were expected to and/or were mandated to regularly work hours without compensation in violation of the NYLL;

(c) whether Defendant has failed to pay Named Plaintiff and members of the NY Class all overtime compensation due to them for all hours worked in excess of 40 hours per week;

(d) whether Defendant failed to provide Named Plaintiff and the NY Class spread-of-hours pay as required by the NYLL;

(e) whether Named Plaintiff and members of the NY Class are entitled to liquidated damages and injunctive relief.

45. The claims of Named Plaintiff are typical of the claims of the members of the NY Class they seek to represent. Named Plaintiff and the members of the NY Class work, or have worked, for Ollie's as Co-Team Leaders and are, or were, subject to the same compensation policies and practices, including not being compensated for all hours worked and/or not being paid overtime compensation.

46. Named Plaintiff will fairly and adequately protect the interests of the NY Class as his interests are in alignment with those of the members of the NY Class. He has no interests adverse to the class they seek to represent and have retained competent and experienced counsel.

47. Defendant has acted or has refused to act on grounds generally applicable to the NY Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole appropriate.

48. The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. Common issues of law and fact predominate over any individual issues. The damages suffered by individual members of the NY Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the NY Class to individually seek redress for the wrongs done to them.

49. The Nationwide Collective Class and the NY Class are hereafter together referred to as the "Classes."

<b><u>FIRST CLAIM FOR RELIEF</u></b><br><b><u>FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS</u></b><br>(On Behalf of the Nationwide Collective Class)

50. Named Plaintiff, on behalf of himself and the Nationwide Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

51. At all relevant times, Ollie's has had gross revenues in excess of $500,000.

52. At all relevant times, Ollie's has been and continues to be, an employer engaged in

interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendant has employed, and/or continues to employ, Named Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

54. At all relevant times, Defendant had a willful policy and practice of misclassifying Named Plaintiff and similarly situated Co-Team Leaders as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

55. As a result of the Defendant's willful failure to compensate its employees, including Named Plaintiff and the members of the Nationwide Collective Class, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Ollie's has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Due to the Defendant's FLSA violations, Named Plaintiff, on behalf of himself and the members of the Nationwide Collective Class, are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW — OVERTIME VIOLATIONS
(On Behalf of the NY Class)

58. Named Plaintiff, on behalf of himself and all NY Class members, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

59. Plaintiffs were employed by Ollie's within the meaning of the NYLL.

60. At all relevant times, Defendant had a willful policy and practice of misclassifying

Named Plaintiff and similarly situated Co-Team Leaders as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

61. As a result of the Defendant's willful failure to compensate its employees, including Named Plaintiff and the members of the NY Class, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Ollie's has violated and, continues to violate, N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Due to the Defendant's violations of the NYLL, Plaintiffs and the members of the NY Class are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.Y. Lab. Law Article 19 § 663.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATIONS
**(On Behalf of the NY Class)**

63. Named Plaintiff, on behalf of himself and all members of the NY Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

64. Named Plaintiff and members of the NY Class worked more than 10 hours in a workday. Defendant has willfully failed to pay Named Plaintiff and the members of the NY Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

65. Defendant's failure to pay Named Plaintiff and the members of the NY Class spread of hours compensation for each day they worked in excess of 10 hours is a willful violation of N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Due to Defendant's violation of the NYLL, Named Plaintiff and the members of the NY Class are entitled to recover from Defendant: an award of damages for their unpaid compensation; liquidated damages; reasonable attorneys' fees and costs; and disbursements of the action, pursuant to the N. Y. Lab. Law Article 19 § 663.

## FOURTH CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE WAGE NOTICES

67. Named Plaintiff, on behalf of himself and all members of the NY Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

68. Defendant has willfully failed to provide Named Plaintiff and members of the NY Class with accurate wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

69. Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant has willfully violated NYLL §§ 191(1) and the supporting New York State Department of Labor Regulations.

70. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day they did not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

71. By the foregoing reasons, Defendant violated NYLL §§ 195(1) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE WAGE NOTICES

72. Named Plaintiff, on behalf of himself and all members of the NY Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

73. Defendant has willfully failed to provide Named Plaintiff and members of the NY Class with pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

74. Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant has willfully violated NYLL §§ 191(3) and the supporting New York State Department of Labor Regulations.

75. According to NYLL § 198-1(b), Plaintiffs are entitled to $250 for every day they did not receive a wage statement up to a total of $5000, together with costs and reasonable attorney's fees.

76. By the foregoing reasons, Defendant violated NYLL §§ 195(3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

77.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, individually and on behalf of himself and all other similarly situated members of the Nationwide Collective Class, and members of the NY Class, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Nationwide

Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the NY Class;

C. An award of unpaid overtime compensation to Named Plaintiff and members of the Classes;

D. An award to Named Plaintiff and the members of the NY Class of spread of hours pay under regulations promulgated under the NYLL;

E. An award to Named Plaintiff and the members of the NY class of damages for failure to provide accurate wage notices and statements under the NYLL;

F. An award of liquidated damages to Named Plaintiff and members of the Classes;

G. An award of prejudgment and post-judgment interest to Named Plaintiff and members of the Classes;

H. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Named Plaintiff and members of the Classes; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: March 22, 2022

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street

Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com

-and-

*/s/ James Emmet Murphy*
James Emmet Murphy, Esq.
Michele A. Moreno, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:    (212) 943-9080
Fax:   (212) 943-9082
jmurphy@vandallp.com

*Attorneys for the Plaintiff and Putative Class and Collective*